1  **GLANCY BINKOW & GOLDBERG LLP**
   LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   1801 Avenue of the Stars, Suite 311
3  Los Angeles, CA  90067
   Telephone: (310) 201-9150
4  Facsimile: (310) 201-9160
   E-mail: info@glancylaw.com
5
   **HACH ROSE SCHIRRIPA & CHEVERIE LLP**
6  GREGORY S. HACH, ESQ.
   MICHAEL A. ROSE, ESQ.
7  FRANK R. SCHIRRIPA, ESQ.
   19 Fulton Street, 14th Floor
8  New York, New York 10016
   Telephone: (212) 213-8311
9  Facsimile: (212) 779-0028

10 *Proposed Co-Lead Counsel for the Class*
   *and Attorneys for Stationary Engineers*
11 *Local 39 Pension Trust Fund*

12                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
13                **SAN JOSE DIVISION**

14 CITY OF ROYAL OAK RETIREMENT          )    Case No. 5:11-cv-04003-LHK
   SYSTEM, Individually and on Behalf of Itself )
15 and All Others Similarly Situated,          )
                                               )
16             Plaintiff,                      )
                                               )
17                                             )
   JUNIPER NETWORKS, INC., KEVIN R.            )    Date:   December 1, 2011
18 JOHNSON, ROBYN M. DENHOLM and               )    Time:   1:30 p.m.
   SCOTT G. KRIENS,                            )    Courtroom: 8
19                                             )    Judge: Lucy H. Koh
               Defendants.                     )
20 _____  )

21

22            **STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND'S**
              **NOTICE OF MOTION AND MOTION AND MEMORANDUM OF LAW**
23            **IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF**
              **<u>LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL</u>**
24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE, that on December 1, 2011, at 1:30 p.m. or as soon as counsel may be heard, the undersigned will move this Court before the Honorable Lucy H. Koh, in Courtroom 8 at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, pursuant to the Private Securities Litigation Reform Act of 1995, for an Order: (i) appointing the Stationary Engineers Local 39 Pension Trust Fund (the "IUOE Local 39") as Lead Plaintiff on behalf of the Class; (ii) approving the IUOE Local 39's choice of Hach Rose Schirripa & Cheverie LLP ("HRS&C") and Glancy Binkow & Goldberg LLP ("Glancy Binkow & Goldberg") as a Co-Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that IUOE Local 39 timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest of all purchasers of Juniper Networks, Inc. ("Juniper Networks") securities during the period between July 20, 2010 and July 26, 2011, inclusive (the purported "Class Period," as alleged). IUOE Local 39 also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of other purchasers of Juniper Networks securities, and IUOE Local 39 will fairly and adequately represent the interests of the other purchasers of Juniper Networks securities.

Further, IUOE Local 39 has selected and retained Hach Rose Schirripa & Cheverie LLP and Glancy Binkow & Goldberg LLP, experienced and leading securities class action law firms whose attorneys have served as sole or co-lead counsel in numerous complex securities class actions. IUOE Local 39 thus seeks this Court's approval of their selection of Hach Rose Schirripa & Cheverie LLP and Glancy Binkow & Goldberg LLP as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

The Stationary Engineers Local 39 Pension Trust Fund ("IUOE Local 39") respectfully submits this memorandum of law in support of its motion for: (i) appointment of the IUOE Local 39 as Lead Plaintiff; and (ii) approval of Hach Rose Schirripa & Cheverie LLP ("HRS&C") and Glancy Binkow & Goldberg LLP ("Glancy Binkow & Goldberg") as a Co-Lead Counsel, and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased securities of Juniper Networks, Inc. ("Juniper Networks" or the "Company") between July 20, 2010 and July 26, 2011, inclusive (the purported "Class Period," as alleged).  The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), against Juniper Networks and certain of its executive officers.  To date, there are no other securities class action lawsuits filed in this or any other federal district court pending against Juniper Networks.

The first notice of pendency of class action was published pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in a national, business-oriented wire service on August 16, 2011 (*See* Declaration of Michael Goldberg in Support of the Within Motion (the "Goldberg Decl."), Exhibit ("Ex.") A).  This motion is being filed within 60 days from the date of publication of that notice.

As set forth in the Certification of Securities Class Action Complaint (annexed as Ex. B to the Goldberg Decl.), IUOE Local 39 expended approximately $1,452,048 to purchase a total of 43,280 shares and made a "net investment" of 36,980 shares in the amount of $1,248,508 in Juniper Networks during the Class Period.  At the close of the Class Period, IUOE Local 39 incurred losses

1  aggregating at least $531,314.12, as calculated under the "First-In, First-Out" ("FIFO") method, and

2  $518,872.63 as calculated under the "Last-In, First-Out" ("LIFO") method, in connection with its

3  purchases and sales of Juniper Networks securities during the Class Period.  *See* Goldberg Decl., Ex.

4  C.  Accordingly, it is respectfully submitted that the Court should appoint IUOE Local 39 as Lead

5  Plaintiff most capable of adequately representing the interests of the Class and approve IUOE Local

6  39's selection of HRS&C and Glancy Binkow & Goldberg as co-lead counsel.  HRS&C's and

7  Glancy Binkow & Goldberg's attorneys have extensive experience in securities fraud litigation and

8  have won many important victories for injured shareholders.  *See* Goldberg Decl., Exs. D and E.

## II.   STATEMENT OF FACTS

Juniper Networks develops and produces networking technology, including hardware

systems, silicon design, network architecture, and open cross-network software platforms.  During

the Class Period, the Company issued materially false and misleading statements regarding the

Company's business practices and financial results.  The Company assured investors that it was well

positioned to deliver against its long-term model of 20% or higher revenue growth and 25% or

higher operating margin, while failing to disclose negative trends in the Company's business. As a

result, the Company's stock traded at artificially inflated prices during the Class Period, reaching a

high of $44.46 per share on March 8, 2011.

However, unbeknownst to the investing public, the Company lacked a reasonable basis for

their positive statements about Juniper's growth rates, market share, orders, new product

introductions, gross and operating margins because (i) due to technical issues with certain of its

products and turnover in its sales force, the Company was losing market share in its security

business to its competitors; (ii) in order to maintain market share and meet its previously announced

growth rate targets in the face of the intense pricing pressure being exerted by the Company's

competitors in both the switching and routing markets, the Company was forced to dramatically lower prices, which was having a material adverse effect on the Company's margins; and (iii) the Company's new product launches would not meaningfully contribute to the Company's operations until 2012.

After the market closed on July 26, 2011, the Company issued a press release reporting disappointing second quarter 2011 financial results. In addition, the Company provided disappointing guidance for the third quarter of 2011 and lowered its revenue guidance for the full year to growth of between 12% to 14%, which was far below the Company's long-term model of 20% revenue growth. Stock values fell $6.51 per share to close at $24.66 per share on July 27, 2011, a one-day decline of nearly 21% on volume of 61.6 million shares.

Also during the Class Period, Chairman and CEO Scott Kriens capitalized on the artificially-inflated price of Juniper shares, selling over $142 million of his personal holdings while in possession of materially adverse, non-public information concerning the Company's business and operations.

## III.   ARGUMENT

### A.   IUOE Local 39 Is The Most Adequate Plaintiff Under the PSLRA

On December 22, 1995, Congress enacted Public Law 10467, entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA amends the Securities Exchange Act (the "Exchange Act") to include a new Section 21D that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to oversee class actions brought under the federal securities laws.

Section 21D(a)(3)(B)(i) of the Exchange Act directs the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of

adequately representing the interests of class members."   Section 21D(a)(3)(B)(iii) requires a presumption that the most adequate plaintiff:

> (aa)    has either filed the complaint or made a motion in response to a notice under [the PSLRA];
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases."   *See* "Private Securities Litigation Reform Act of 1995 -- Conference Report," 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

### 1.    IUOE Local 39 Has the Largest Financial Interest The Relief Sought

IUOE Local 39 should be appointed Lead Plaintiff because it has the largest financial stake in this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d at 730.  As set forth more fully in its Certification of Securities Class Action Complaint, IUOE Local 39 expended approximately $1,452,048 to purchase a total of 43,280 shares and made a "net investment" of 36,980 shares in the amount of $1,248,508 in Juniper during the Class Period.  At the close of the Class Period, IUOE Local 39 incurred losses aggregating at least $531,314.12, as calculated under the "First-In, First-Out" ("FIFO") method, and $518,872.63 as calculated under the "Last-In, First-Out" ("LIFO") method, in connection with its purchases and sales of Juniper Networks securities during the Class Period.  *See* Goldberg Decl., Exs. B and C.  Thus, IUOE Local 39 is precisely the type of investor that should be appointed as Lead Plaintiff in the consolidated action.

To the best of IUOE Local 39's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase of Juniper Networks securities.  Accordingly, IUOE Local 39 believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 2.   IUOE Local 39 Otherwise Satisfies The Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, IUOE Local 39 also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.  *See Richardson v. TVIA, Inc.*, No 06-07307, 2007 U.S. Dist. LEXIS 28406, *15 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).  As a general rule, a plaintiff's claim meets the typicality requirement if it is both legally and factually similar and arises out of the same events or course of conduct that gives rise to the claims of the other class members.  This does not require that the claims be identical, but there must be some common question of fact or law.  *See In re Independent Energy Holdings PLC Sec. Litig.*, 2002 U.S. Dist. LEXIS 9359, at *12 (S.D.N.Y.  May 28, 2002) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  Here IUOE Local 39's claims are typical, if not identical, to the claims of the members of the Class.  As set forth above, the losses suffered by IUOE Local 39 resulted from Defendants' common course of conduct

which violated the Exchange Act by publicly disseminating materially false and misleading information.  Thus, IUOE Local 39 satisfies the typicality requirement.

Further, Section 21D(a)(3)(B)(iii) of the Exchange Act directs the Court, in evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed representative and members of the class, and allows the lead plaintiff to retain counsel of their choice to represent the Class "subject to the approval of the court."  *See* Exchange Act § 21D(a)(3)(B)(v).  The adequacy standard is met if "there are no conflicts between the representative and class interest and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4)); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

As set forth above, IUOE Local 39's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class.  IUOE Local 39 shares numerous common questions of law and fact with the members of the Class, and its claims are typical of the members of the Class.  IUOE Local 39 submitted a Certification, affirming its understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action.  *See* Goldberg Decl. at Ex. B.  Further, IUOE Local 39 has retained competent counsel to represent it in this case.  Thus, the alignment of interests between IUOE Local 39 and the Class and the skill of IUOE Local 39's chosen counsel favor granting the instant motion.

Lastly, IUOE Local 39 is an institutional investor that has been injured by the alleged fraudulent conduct of Defendants.  House Commerce Committee Chairman Thomas Bailey has emphasized that the PSLRA was designed to "put control of class action lawsuits back in the hands" of "real shareholders" – like the IUOE Local 39.  *See* "Private Securities Litigation Reform Act of 1995 - Conference Report," 141 Cong. Rec. H14039-52, at H14039 (daily ed. Dec. 6, 1995).  In

order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has clearly expressed its preference for securities fraud litigation to be directed by large institutional investors."  *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997).  *See also* Armour v. Network Assocs., 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001), quoting *Bowman v. Legato Sys.*, 196 F.R.D. 655, 659 (N.D. Cal. 2000) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Movant] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'").  By appointing IUOE Local 39 as Lead Plaintiff in this case, the Court would be fulfilling one of Congress's major aims in passing the PSLRA, namely giving institutional investors an increased role in securities class actions.

**B.     The Court Should Approve IUOE Local 39's Choice of Counsel as Co-Lead Counsel**

The amendments to the Exchange Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court.  *See* Exchange Act §21D(a)(3)(B)(v).  A court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class.  *See Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-3451-LHK, 2011 U.S. Dist. LEXIS 16813 at *44-45 (N.D. Cal. Feb. 15, 2011) (citing *Cavanaugh*, 306 F.3d at 733). In the present case, IUOE Local 39 has retained Hach Rose Schirripa & Cheverie LLP and Glancy Binkow & Goldberg, experienced and leading securities class action law firms whose attorneys have served as sole or co-lead counsel in numerous complex securities class actions to serve as co-lead counsel and to pursue this litigation on its behalf.  As a result, IUOE Local 39's choice of counsel should not be disturbed.

**IV.     CONCLUSION**

For all the foregoing reasons, IUOE Local 39 respectfully requests that the Court grant the instant motion and:

1    (i)    appoint IUOE Local 39 as Lead Plaintiff in the above-captioned action and in the

2  actions to be consolidated herewith pursuant to Section 21D(a)(3)(B) of the Exchange Act;

3    (ii)    approve IUOE Local 39's choice of counsel and appoint Hach Rose Schirripa &

4  Cheverie LLP and Glancy Binkow & Goldberg, LLP as a Co-Lead Counsel pursuant to Section

5  21D(a)(3)(B)(v) of the Exchange Act; and

6

7    (iii)    grant such other and further relief as the Court may deem just and proper.

8   Dated: October 17, 2011              **GLANCY BINKOW & GOLDBERG LLP**

9                                         By: *s/ Michael Goldberg*
                                          Lionel Z. Glancy
10                                        Michael Goldberg
                                          1801 Avenue of the Stars, Suite 311
11                                        Los Angeles, CA  90067
                                          Telephone: (310) 201-9150
12                                        Facsimile: (310) 201-9160
                                          E-mail: info@glancylaw.com
13

14                                        **HACH ROSE SCHIRRIIPA & CHEVERIE LLP**
                                          Gregory S. Hach, Esq.
15                                        Michael A. Rose, Esq.
                                          Frank R. Schirripa, Esq.
16                                        185 Madison Avenue, 14th Floor
                                          New York, NY 10016
17                                        Telephone: (212) 213-8311
                                          Facsimile: (212) 779-0028
18
                                          *Proposed Co-Lead Counsel for the Class*
19                                        *And Attorneys for Stationary Engineers*
                                          *Local 39 Pension Trust Fund*
20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 17, 2011, I caused to be served the following documents:

**STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

**[PROPOSED] PRETRIAL ORDER NO. 1**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2011, at Los Angeles, California.

_s/Michael Goldberg_
Michael Goldberg

---

CERTIFICATE OF SERVICE

# Mailing Information for a Case 5:11-cv-04003-LHK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joni L. Ostler**
  jostler@wsgr.com,pbaird@wsgr.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101

Thomas C Michaud
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201

Michael J Vanoverbeke
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
```