1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
   Post Montgomery Center
3  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
4  Telephone:  415/288-4545
   415/288-4534 (fax)
5  chriss@rgrdlaw.com
   – and –
6  DARREN J. ROBBINS (168593)           LABATON SUCHAROW LLP
   TRICIA L. McCORMICK (199239)         CHRISTOPHER J. KELLER
7  655 West Broadway, Suite 1900        MICHAEL W. STOCKER
   San Diego, CA  92101                 RACHEL A. AVAN
8  Telephone:  619/231-1058             140 Broadway, 34th Floor
   619/231-7423 (fax)                   New York, NY  10005
9  darrenr@rgrdlaw.com                  Telephone:  212/907-0700
   triciam@rgrdlaw.com                  212/818-0477 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF ROYAL OAK RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC., et al.,<br><br>                Defendants. | No. 5:11-cv-04003-LHK<br><br>CLASS ACTION<br><br>THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:    January 12, 2012<br>TIME:    1:30 p.m.<br>CTRM:   8 |

659103_1

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Thursday, January 12, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the Honorable Lucy H. Koh, Roofers Local No. 149 Pension Fund ("Roofers") and Steamship Trade Association-International Longshoremen's Pension Benefit Fund ("STA-ILA") (collectively, the "Pension Funds") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Pension Funds as lead plaintiff; and (2) approving the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton Sucharow")as co-lead counsel.  This Motion is made on the grounds that the Pension Funds are the "most adequate plaintiff" to serve as lead plaintiff.[1]  In support of this Motion, the Pension Funds submit herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

This securities class action lawsuit was brought on behalf of all persons who purchased or otherwise acquired the common stock of Juniper Networks, Inc. ("Juniper" or the "Company") between July 20, 2010 to July 26, 2011 (the "Class Period").

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the member or members of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B).  Here, the Pension Funds should be appointed as lead plaintiff because they: (1) timely

---

[1] This Court's Standing Order Regarding Case Management in Civil Cases requires a conference of counsel to determine if the selected hearing date would case "undue prejudice." Because of the PSLRA's lead plaintiff procedure, however, the Pension Funds will not know which other class members, if any, may seek appointment as lead plaintiff until after motions are filed on October 17, 2011. Consequently, the Pension Funds respectfully request that this requirement be waived.

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK                                          - 1 -

filed their motion for appointment as lead plaintiff; (2) have the largest financial interest in the outcome of this litigation of any person or group of persons of which they are aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

In addition, the Pension Funds' selection of Robbins Geller and Labaton Sucharow to serve as co-lead counsel should be approved because Robbins Geller and Labaton Sucharow possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.  SUMMARY OF THE ACTION

Juniper designs, develops, and sells products and services that together provide its customers with network infrastructure that creates responsive and trusted environments for accelerating the deployment of services and applications over a single network. The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Defendants repeatedly assured investors that Juniper was well positioned to deliver against its long-term model of 20% or higher revenue growth and 25% or higher operating margin, while failing to disclose negative trends in Juniper's business. As a result of defendants' false statements, Juniper's stock traded at artificially inflated prices during the Class Period, reaching a high of $44.46 per share on March 8, 2011.

On June 1, 2011, Juniper participated in a Technology Conference hosted by Bank of America Merrill Lynch. Defendant Kevin R. Johnson, the Chief Executive Officer of Juniper cautioned investors that "the linearity of this 2Q would reinforce a backend loaded quarter" and "I think there's reason to be somewhat cautious in the near term."

On this news, Juniper stock declined $3.64 per share to close at $32.97 per share on June 1, 2011, a one-day decline of 10% on high volume. Nonetheless, the stock continued to trade at artificially inflated levels due to defendants' denials and continued misrepresentations.

Then, after the market closed on July 26, 2011, Juniper issued a press release reporting disappointing second quarter 2011 financial results. In addition, the Company provided

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK - 2 -

disappointing guidance for the third quarter of 2011 and lowered its revenue guidance for the full year to growth of between 12% to 14%, which was far below the Company's long-term model of 20% revenue growth. On this news, Juniper's stock collapsed $6.51 per share to close at $24.66 per share on July 27, 2011, a one-day decline of nearly 21% on volume of 61.6 million shares.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) due to technical issues with certain of its products and turnover in its sales force, Juniper was losing market share in its security business to its competitors; (b) in order to maintain market share and meet its previously announced growth rate targets in the face of the intense pricing pressure being exerted by the Company's competitors in both the switching and routing markets, Juniper was forced to dramatically lower prices, which was having a material adverse effect on the Company's margins; (c) Juniper's new product launches would not meaningfully contribute to the Company's operations until 2012; and (d) based on the foregoing, defendants lacked a reasonable basis for their positive statements about Juniper's growth rates, market share, orders, new product introductions, gross and operating margins, and the Company's ability to deliver upon its long-term growth model.

## III.   ARGUMENT

### A.   The Pension Funds Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on August 16, 2011, on *Business Wire* in connection with the filing of the action. *See* McCormick Decl., Ex. C.

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK   - 3 -

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The Pension Funds meet each of these requirements and should therefore be appointed lead plaintiff.

### 1.    The Pension Funds' Motion Is Timely

The Pension Funds have timely filed this Motion within 60 days of the August 16, 2011 notice publication, and have also duly signed and filed certifications evidencing, among other things, their willingness to serve as a representative party on behalf of the class.  *See* McCormick Decl., Ex. A.  Sixty days from August 16th was October 15, 2011.  October 15th was a Saturday, thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C),the "next day that is not a Saturday, Sunday, or legal holiday," is October 17, 2011 and the Pension Funds' Motion is timely filed.  Accordingly, the Pension Funds have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiff considered by the Court.

### 2.    The Pension Funds Possess the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Cavanaugh*, 306 F.3d at 732.  As demonstrated herein, the Pension Funds purchased 46,087 shares of Juniper securities during the Class Period, retained all of their shares until after the defendants made their corrective disclosures, and have losses of approximately $717,795.  *See* McCormick Decl., Exs. A and B.  To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest.  Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK - 4 -

### 3. The Pension Funds Meet Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Pension Funds satisfy the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, the Pension Funds meet the typicality and adequacy requirements because, like all other members of the purported class, they purchased Juniper securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because the Pension Funds' claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied.

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK - 5 -

*See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004).

Roofers is an institutional investor that serves over 2,200 participants and manages approximately $121 million in assets. STA-ILA is a pension fund that was created as a result of certain collective bargaining agreements between the Steamship Trade Association of Baltimore, Incorporate and the International Longshoremen's Association (AFL-CIO). As of September 2010, STA-ILA provided pension benefits to approximately 3,051 participants and had more than $602 million in assets under management. Moreover, because STA-ILA has served as a lead plaintiff in other securities class actions, its experience will benefit the class. For example, STA-ILA served as lead plaintiff in *In re Monster Worldwide, Inc. Sec. Litig*, No. 07-cv-2237 (S.D.N.Y.), which settled for $47.5 million, and also in *In re Mercury Interactive Corp. Sec. Litig.*, No. 05-cv-3395 (N.D. Cal.), which settled for $117.5 million, one of the largest recoveries in an options backdating suit. Additionally, the Pension Funds are not subject to any unique defenses and there is no evidence of any conflicts between the Pension Funds and the other class members.

**B.     This Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, the Pension Funds have selected Robbins Geller and Labaton Sucharow as co-lead counsel for the class.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* McCormick Decl., Ex. D. Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. Judge Melinda Harmon commented that the "experience, ability and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec*,

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK                                                      - 6 -

586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Robbins Geller attorneys in *Cardinal Health*, noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Lawyers with Robbins Geller are "nationally recognized leaders in complex securities class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

Labaton Sucharow has excelled as lead counsel in numerous important actions on behalf of defrauded investors. Labaton Sucharow is lead counsel in *In re Am. Int'l Group, Inc. Sec. Litig*, No. 04-cv-8141 (S.D.N.Y.), in which it recently achieved settlements-in-principle totaling approximately $1 billion. In addition, Labaton Sucharow is lead counsel in *In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement of $624 million – the largest securities fraud settlement arising from the financial crisis of 2007 to 2008. Labaton Sucharow also served as co-lead counsel in *In re HealthSouth Corp. Sec. Litig.*, No. 03-cv-1501 (N.D. Ala.), the largest securities fraud arising out of the healthcare industry, which resulted in a total settlement amount of $804.5 million for the class. Labaton Sucharow is currently serving as the court-appointed lead or co-lead counsel in the securities fraud cases against The Bear Stearns Cos., Inc., Federal National Mortgage Assocation (Fannie Mae), Satyam Computer Services Ltd., and Goldman Sachs Group, Inc., among other significant investor litigations. In *In re Monster Worldwide, Inc., Sec. Litig.*, No. 07-cv-2237, Judge Jed S. Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." *See also* McCormick Decl., Ex. E.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Labaton Sucharow as co-lead counsel. *See In re Xenoport, Inc. Sec. Litig.*, No. 5:10-cv-03301-RMW (N.D. Cal.); *In re SunPower Sec. Litig.*, No. 3:09-cv-05473-RS (N.D. Cal.) (appointing co-lead counsel). Because the Pension Funds have selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK                            - 7 -

recovery possible for the class, their choice of Robbins Geller and Labaton Sucharow as co-lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request that the Court: (1) appoint the Pension Funds as Lead Plaintiff; and (2) approve the Pension Funds' selection of Co-Lead Counsel for the class.

DATED: October 17, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
MICHAEL W. STOCKER
RACHEL A. AVAN
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
ckeller@labaton.com
mstocker@labaton.com
ravan@labaton.com

[Proposed] Co-Lead Counsel for Plaintiffs

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK

- 8 -

| | |
|---|---|
| 1 | |
| 2 | SULLIVAN, WARD, ASHER & PATTON, P.C.<br>MICHAEL J. ASHER |
| 3 | 25800 Northwestern Highway<br>1000 Maccabees Center |
| 4 | Southfield, MI 48075-1000<br>Telephone: 248/746-0700 |
| 5 | 248/746-2760 (fax) |
| 6 | Additional Counsel for Plaintiff |

659103_1

THE PENSION FUNDS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - 5:11-cv-04003-LHK - 9 -

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2011.

   s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:triciam@rgrdlaw.com

659103_1

# Mailing Information for a Case 5:11-cv-04003-LHK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joni L. Ostler**
  jostler@wsgr.com,pbaird@wsgr.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101

Thomas C Michaud
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201

Michael J Vanoverbeke
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
```