UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CITY OF ROYAL OAK RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., KEVIN R. JOHNSON, ROBYN M. DENHOLM, and SCOTT G. KRIENS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 5:11-CV-04003-LHK<br><br>ORDER GRANTING PUBLIC RETIREMENT SYSTEMS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL; DENYING STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND'S MOTION; AND DENYING THE PENSION FUNDS' MOTION |

On August 15, 2011, the City of Royal Oak Retirement System ("Plaintiff") filed a private securities class action complaint against Defendants Juniper Networks, Inc., Kevin R. Johnson, Robyn M. Denholm, and Scott G. Kriens (collectively "Defendants").   ECF No. 1 ("Compl."). After Plaintiff published the pendency of this action on August 16, 2011, as required by federal law, three parties moved the Court for appointment as lead plaintiff and for approval of lead counsel: (1) City of Omaha Police and Fire Retirement System and City of Bristol Pension Fund (collectively, the "Public Retirement Systems"), *see* ECF No. 17; (2) Stationary Engineers Local 39 Pension Trust Fund (the "IUOE Local 39"), *see* ECF No. 19; and (3) Roofers Local No. 149

United States District Court
For the Northern District of California

1  Pension Fund and Steamship Trade Association-International Longshoremen's Pension Benefit

2  Fund (collectively, the "Pension Funds"), *see* ECF No. 21.

3      IUOE Local 39 filed a Notice of Nonopposition to Public Retirement Systems' and the

4  Pension Funds' motions for appointment as lead plaintiff.  Upon review of the competing lead

5  plaintiff motions, IUOE Local 39 conceded that "it appears that IUOE Local 39 does not possess

6  the largest financial interest in the litigation."  ECF No. 36 at 1.  Accordingly, IUOE Local 39

7  stated that it did not oppose appointment of the Public Retirement Systems or the Pension Funds as

8  lead plaintiff.  *Id.*

9      The Pension Funds did not file an opposition or statement of non-opposition to the motions

10  for appointment of lead plaintiff filed by IUOE Local 39 or Public Retirement Systems.  Moreover,

11  the Pension Funds did not file a reply to Public Retirement Systems' Opposition to Pension Funds'

12  motion.  *See* ECF No. 37 (Public Retirement Systems' Opposition to Competing Lead Plaintiffs'

13  Motions).

14      Thus, only the Public Retirement Systems' motion is unopposed.  Pursuant to Civil Local

15  Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument and

16  hereby VACATES the hearing on these motions set for January 12, 2012.  Having considered the

17  parties' submissions and the relevant legal authorities, and for the reasons discussed herein, the

18  Court GRANTS Public Retirement Systems' motion and DENIES IUOE Local 39's and the

19  Pension Funds' motions.  The case management conference scheduled for January 12, 2012 at 1:30

20  p.m. remains as set.

21    **I.  BACKGROUND**

22      This is a securities class action on behalf of all persons who purchased or otherwise

23  acquired the common stock of Juniper Networks, Inc. ("Juniper" or "Company") between July 20,

24  2010 and July 26, 2011 (the "Class Period"), against Juniper and certain of its officers and directors

25  for alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule

26  10b-5.  Compl. ¶¶ 1, 11.  Juniper designs, develops, and sells products and services that provide its

27  customers with network infrastructure for accelerating the deployment of services and applications

28  over a single network.  *Id.* ¶ 2.  The Complaint alleges that during the Class Period, Defendants

2

United States District Court
For the Northern District of California

1    issued materially false and misleading statements regarding the Company's business practices and

2    financial results. *Id.* ¶ 3. The Complaint alleges that Defendants knew of the Company's negative

3    business trends, but failed to disclose such information to investors, causing the Company's stock

4    to be traded at artificially inflated prices during the Class Period, reaching a high of $44.46 per

5    share on March 8, 2011. *Id.* ¶¶ 3, 34, 43-44.

6          On June 1, 2011, Defendant Kevin R. Johnson, CEO of Juniper, cautioned investors that

7    "there's reason to be somewhat cautious in the near term." *Id.* ¶¶ 4, 38. Subsequently, the

8    Company's stock suffered a one-day decline of 10% on high volume, closing at $32.97 per share

9    on June 1, 2011. *Id.* ¶ 39. On July 26, 2011, Juniper's stock closed at $31.17 per share. After the

10   close of trading that day, Juniper issued a release reporting the Company's actual second quarter

11   2011 financial and operating results and forward guidance, both of which came in well below what

12   Defendants had led stock analysts and the investment community to expect. *Id.* ¶ 7, 41. On this

13   news, Juniper's stock dropped nearly 21%, or $6.51 per share, to close at $24.66 on volume of 61.6

14   million shares the following trading day. *Id.* at 42.

15   **II. LEGAL STANDARD**

16         The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, governs the

17   selection of a lead plaintiff in private securities class actions. In the PSLRA's own words, this

18   plaintiff is to be the "most capable of adequately representing the interests of class members." 15

19   U.S.C. § 89u-4(a)(3)(B)(i). Under the PSLRA, a three-step process determines the lead plaintiff.

20   *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the first plaintiff to file an action

21   governed by the PSLRA must publicize the pendency of the action, the claims made, and the

22   purported class period "in a widely circulated national business-oriented publication or wire

23   service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I).[1] This notice must also alert the public that "any

24   member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-

25   4(a)(3)(A)(i)(II).[2]

26
27   [1] This publication is to be made "[n]o later than 20 days after the date on which the complaint is
     filed." 15 U.S.C. § 78u-4(a)(3)(A)(i).
28   [2] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60
     days after the date on which the notice is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Case No.: 5:11-cv-04003-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

1    Second, the court must select the presumptive lead plaintiff.  *See In re Cavanaugh*, 306

2    F.3d at 729-30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  The PSLRA provides that the

3    presumptive lead plaintiff is the person or group of persons with "the largest financial interest in

4    the relief sought by the class," who also "otherwise satisfies the requirements of Rule 23 of the

5    Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  To determine the

6    presumptive lead plaintiff, "the district court must compare the financial stakes of the various

7    plaintiffs and determine which one has the most to gain from the lawsuit."  *In re Cavanaugh*, 306

8    F.3d at 730 (footnote omitted).  Once the district court identifies the plaintiff with the most to gain,

9    the district court must determine whether that plaintiff, based on the information he provides,

10   "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id.*  If

11   he does, that plaintiff becomes the presumptive lead plaintiff.  *Id.*  If not, the court selects the

12   plaintiff with the next largest financial stake and determines whether that plaintiff satisfies the

13   requirements of Rule 23.  *Id.*  The court repeats this process until it selects a presumptive lead

14   plaintiff.  *Id.*

15   Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the

16   presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy

17   requirements."  *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  This is done by showing that the

18   presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or

19   "is subject to unique defenses that render such plaintiff incapable of adequately representing the

20   class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).  If the court determines that the presumptive

21   lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two,

22   select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new

23   presumptive lead plaintiff's showing.  *In re Cavanaugh*, 306 F.3d at 731.  The court repeats this

24   process "until all challenges have been exhausted."  *Id.* (citation and footnote omitted).

25   Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select

26   and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he district court

27   should not reject a lead plaintiff's proposed counsel merely because it would have chosen

28   differently."  *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009)

4

(citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### III. ANALYSIS

Before the Court are three motions for appointment as lead plaintiff and for approval of lead counsel, filed by Public Retirement Systems, IUOE Local 39, and Pension Funds, respectively. Public Retirement Systems' motion is unopposed. *See* ECF Nos. 36 (IUOE Local 39's Notice of Nonopposition), 38 (Public Retirement Systems' Reply, noting the Pension Funds' failure to file an opposition or notice of nonopposition). IUOE Local 39's and Pension Funds' motions are opposed by Public Retirement Systems. *See* ECF No. 37. In conformity with the procedure established by the PSLRA and the Ninth Circuit in *In re Cavanaugh*, the Court will determine which of these three movants should serve as the lead plaintiff in the instant action.

#### A. Procedural Requirements

In accordance with the requirements under the PSLRA, Plaintiff City of Royal Oak Retirement System timely published a notice in *Business Wire* on August 16, 2011, one day after filing this action, informing the class of the pendency of the action, the claims made, and the purported class period. *See* ECF No. 5 & Ex. A. Public Retirement Systems, IUOE Local 39, and Pension Funds all filed their respective motions for appointment as lead plaintiff and approval of lead counsel on October 17, 2011, which is within 60 days of publication of the notice. Therefore, all three motions are timely and shall be considered by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *id.* § 78u-4(a)(3)(B)(i).

#### B. Presumptive Lead Plaintiff

##### 1. Largest Financial Interest

In selecting a lead plaintiff, the Court begins by "compar[ing] the financial stakes of the various plaintiffs and determin[ing] which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d at 730. Neither the PSLRA nor the Ninth Circuit has provided specific guidance for calculating which plaintiff has the largest financial interest. *See Perlmutter v. Intuitive Surgical, Inc.*, No. 10-cv-03451-LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011).

United States District Court
For the Northern District of California

The Ninth Circuit has instructed only that "the court may select accounting methods that are both rational and consistently applied."  *In re Cavanaugh*, 306 F.3d at 730 n.4.

Here, all three movants advocate calculating their financial interests based on approximate losses suffered, which requires the Court to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period."  *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 286, 295 (E.D.N.Y. 1998) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).  Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors.  *See Perlmutter*, 2011 WL 566814, at *7.

Under the "last-in, first-out" method for calculating losses suffered, which this and other courts have approved as a reasonable accounting method, *see id.*, Public Retirement Systems claims that it purchased 125,008 shares of Juniper securities during the Class period and suffered losses of $2,092,159.  *See* ECF No. 17 at 5-6; Blasy Decl. Ex. B; ECF No. 37 at 3-5.  The Pension Funds assert that they purchased 46,087 shares of Juniper securities during the Class Period and suffered losses of approximately $717,795.  *See* ECF No. 21 at 4; McCormick Decl. Exs. A & B. IUOE Local 39 asserts that it purchased 43,280 shares and suffered losses of approximately $518,872.  *See* ECF No. 19 at 4; Goldberg Decl. Exs. B & C.  There is no dispute that Public Retirement Systems suffered the greatest loss during the Class Period under the last-in, first-out calculation method.  *See, e.g.*, IUOE Local 39 Notice of Nonopposition, ECF No. 36 at 1 (conceding that "it appears that IUOE Local 39 does not possess the largest financial interest in the litigation").  Moreover, neither IUOE Local 39 nor Pension Funds argues that under a different calculation method, it would possess the largest financial interest in the litigation.  Accordingly, the Court finds that Public Retirement Systems has the largest financial interest in the relief sought by the class.

### 2. Rule 23 Requirements

Having determined that Public Retirement Systems is the plaintiff with the greatest financial interest in this case, the Court next considers whether Public Retirement Systems satisfies

6

Case No.: 5:11-cv-04003-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

United States District Court
For the Northern District of California

1    the requirements of Rule 23(a), in particular the typicality and adequacy requirements.  *See In re*

2    *Cavanaugh*, 306 F.3d at 730; *see also* Fed. R. Civ. P. 23(a).  This showing need not be as thorough

3    as would be required on a motion for class certification.  *See Zhu v. UCBH Holdings, Inc.*, 682 F.

4    Supp. 2d 1049, 1053 (N.D. Cal. 2010).

5         "The test of typicality is whether other members have the same or similar injury, whether

6    the action is based on conduct which is not unique to the named plaintiffs, and whether other class

7    members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976

8    F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citation omitted).  Here, the Court

9    finds that the claims asserted by Public Retirement Systems are based on the same conduct giving

10   rise to the other class members' claims, namely Defendants' alleged misrepresentations during the

11   Class Period.  The Court also finds that Public Retirement Systems has suffered the same injury as

12   other plaintiffs, namely the purchase of Juniper stock during the Class Period at prices artificially

13   inflated by Defendants' materially false and misleading statements and omissions.  Accordingly,

14   the Court finds that Public Retirement Systems satisfies the typicality requirement of Rule 23(a).

15        The test for adequacy is whether the class representative and his counsel "have any

16   conflicts of interest with other class members" and whether the class representative and his counsel

17   will "prosecute the action vigorously on behalf of the class."  *Staton v. Boeing Co.*, 327 F.3d 938,

18   957 (9th Cir. 2003) (citations omitted).  The Court finds that the claims of Public Retirement

19   Systems are typical of the class and that Public Retirement Systems' interests are aligned with the

20   interests of the absent class members.  The Court further finds, upon review of their submitted

21   declarations, that the Public Retirement Systems and their selected counsel have amply

22   demonstrated they will vigorously prosecute the action on behalf of the class.  *See* Blasy Decl. Ex.

23   C (sworn certifications) & D (firm resume); Public Retirement Systems Decl. ¶¶ 4-7.  Accordingly,

24   the Court finds that Public Retirement Systems has shown it will fairly and adequately protects the

25   interests of the class, satisfying the adequacy requirement of Rule 23(a).

26          **3.  Rebuttal of Presumptive Lead Plaintiff**

27        Having established that it has the greatest financial stake and that it satisfies the

28   requirements of Rule 23(a), Public Retirement Systems is presumptively the most adequate

Case No.: 5:11-cv-04003-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

1   plaintiff to represent the class in this securities litigation.  This presumption may be rebutted only

2   upon proof by a member of the purported plaintiff class that Public Retirement Systems either (1)

3   "will not fairly and adequate protect the interests of the class," or (2) "is subject to unique defenses

4   that render [it] incapable of adequately representing the class."  15 U.S.C. § 78u-

5   4(a)(3)(3)(B)(iii)(II).  No purported class member has come forward with such rebuttal evidence.

6   Neither IUOE Local 39 nor Pension Funds opposed Public Retirement Systems' motion for

7   appointment as lead plaintiff.  Accordingly, the presumption that Public Retirement Systems is the

8   most adequate lead plaintiff has not been rebutted, and the Court therefore need not proceed to

9   consider the motion of the movant with the next largest financial stake.  *See In re Cavanaugh*, 306

10   F.3d at 730-31.

11   **C.  Lead Counsel**

12   The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the

13   court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The statute

14   expressly provides that the power to select lead counsel rests with the lead plaintiff, not with the

15   Court.  *Cohen*, 586 F.3d at 709.  So long as the lead plaintiff has made "a reasonable choice of

16   counsel, the district court should generally defer to that choice."  *Id.* at 712.  Here, the Public

17   Retirement Systems has selected the law firm of Scott+Scott  LLP ("Scott+Scott"), a firm with

18   substantial experience in the prosecution of shareholder and securities class actions and with the

19   necessary resources to conduct this litigation efficiently.  *See* Blasy Decl. Ex. D.  The Court has

20   reviewed the firm's resume and is satisfied that Public Retirement Systems has made a reasonable

21   choice of counsel.  *See id.*  Accordingly, the Court defers to that choice and hereby approves Public

22   Retirement Systems' selection of Scott+Scott as lead counsel.

23   **IV. CONCLUSION**

24   For the foregoing reasons, the Court GRANTS Public Retirement Systems' motion for

25   appointment of lead plaintiff and approval of its selection of lead counsel, and DENIES IUOE

26   Local 39's and Pension Funds' motions.  Public Retirement Systems is hereby appointed lead

27   plaintiff in this action, and Scott+Scott LLP is hereby appointed lead counsel.

28   **IT IS SO ORDERED.**

United States District Court
For the Northern District of California

1

2   Dated: January 9, 2012                    _Lucy H. Koh_____

3                                             LUCY H. KOH
                                              United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No.: 5:11-cv-04003-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL